Dear Mr. Scafidel:
We received your request for an opinion regarding the authority of the St. Bernard Port, Harbor and Terminal District to continue to pay the hospitalization and life insurance premiums of an employee after the employee "retires" or leaves his employment with the District to receive social security benefits. It is our understanding from your request that this employee participates in the Louisiana State Employees' Retirement System but is not yet eligible for retirement. The employee is insured with State Employees Group Benefit Program.
Our office has opined on numerous occasions that a political subdivision of the state may pay all or any portion of the health insurance and/or life insurance premiums for its employees. Employees include retirees. Op. Atty. Gen. Nos. 99-149 and 97-234. The District is a political subdivision of the state of Louisiana. The issue then becomes whether or not this employee of the District is in fact a retiree of the District. You indicate that the employee is "retiring" from his employment with the District so that he may receive social security benefits. Because this employee does not meet the eligibility requirements of the state retirement system, he is not actually retiring from state service. Rather, he is simply terminating his employment.
It is important to note that Article 7, Sect. 14(A) of the Louisiana Constitution prohibits the donation, loan, or pledge of public funds of the state or any political subdivision thereof to or for any person, association, or corporation. The jurisprudence has interpreted this provision to mean that the state or any political subdivision thereof may not expend public funds when it is under no obligation to do so. Section 14(B) specifically authorizes the contribution of public funds to pension and insurance programs for the benefit of public employees.
It is our opinion that if this employee, who is ineligible to retire as provided by the Louisiana State Employees' Retirement System, leaves his employment with the District, he is no longer a "public employee". As such, the expenditure of public funds by the District to pay the health and life insurance premiums of this individual, when it is under no obligation to do so, would be tantamount to a donation of public funds which is expressly prohibited by the constitution.
We trust that this adequately responds to your request. If you have any questions or need additional information, please feel free to contact us. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:jv